IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY DOCKET)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **FILED UNDER SEAL** |
| Plaintiff, | Case No.: |
| v. | 14-20109-01/02-JAR-TJJ |
| **KATHLEEN STEGMAN** and **CHRISTOPHER SMITH** | |
| Defendants. | |

## INDICTMENT

The Grand Jury charges:

At all times relevant to this indictment:

## INTRODUCTION

1. Kathleen Stegman, was the owner/operator of Midwest Medical Aesthetics Center, Inc. (MMACI), located in Leawood, Kansas and had been operating in Johnson County and the Greater Kansas City metropolitan area since 1997.

2. In addition to owning MMACI, Defendant Stegman was the 100% owner of Samson LLC (Samson); Opportunity Meets Preparation, LLC (OMP); Baby Needs Shoes, LLC (BNS); and Snoodles, LLC (Snoodles). For each entity, Defendant Stegman was the sole individual with signature authority over their respective known bank accounts.

3. MMACI provided medical aesthetic services including microdermabrasion, laser hair removal, and anti-aging procedures and products.

1

4.      MMACI accepted payments in the form of cash, checks, money orders, cashier's checks, and credit cards.

5.      Christopher Smith was owner of Encompass Construction Groups (Encompass) in Independence, Missouri.

6.      During calendar years 2007, 2008, 2009, and 2010, MMACI's bank account was at North American Savings bank and the Defendant Stegman had sole signature authority over that account.

7.      The corporate tax evasion was accomplished by the defendant underreporting MMACI income and over-stating MMACI expenses to her corporate return preparer.

8.      The corporate return preparer relied upon information the defendant provided to compute "gross receipts or sales" on MMACI's 2008, 2009, and 2010 as well as MMACI expenses/deductions on MMACI's 2008, 2009, and 2010 U.S. Corporation Income Tax Returns.

9.      The unreported gross receipts and over-stated expenses resulted in tax harm to the government in the amounts of $158,826 for 2008, $125,065 for 2009 and $51,689 for 2010 for a total corporate tax harm of approximately $335,580.

10.     Defendant Stegman also diverted MMACI income for personal use, while failing to include those funds in the income figures she provided to her personal tax return preparer. The personal tax preparer relied upon the information Defendant Stegman provided to compute total income on Defendant Stegman's 2007 and 2008 individual tax returns. The unreported income resulted in tax harm to the government in the approximate amounts of $77,968 for 2007 and $60,621 for 2008, for total personal tax harm in the amount of approximately $138,589.

## COUNT 1
### 26 U.S.C. § 7201 – Tax Evasion, 2008

11. Paragraphs 1 through 10 are incorporated and realleged herein.

12. From on or about January 1, 2008 through October 16, 2009 in the District of Kansas and elsewhere, the defendant,

**KATHLEEN STEGMAN,**

willfully attempted to evade and defeat substantial corporate income tax due and owing by her to the United States of America, for the calendar year 2008, by committing the following affirmative acts of evasion, among others:

    a. provided her return preparers with false and incomplete information;

    b. filed false and fraudulent corporate tax returns understating income and overstating expenses;

    c. paid personal expenses with her business accounts;

    d. wrote checks from MMACI to Samson LLC and recorded the transfers as expenses,

    e. falsified MMACI's check register to reflect payees that appeared to be legitimate deductible expenses; and

    f. deposited business income into her personal account.

13. This was in violation of Title 26, United States Code, Section 7201.

## COUNT 2
### 26 U.S.C. § 7201 – Tax Evasion, 2009

14. Paragraphs 1 through 13 are incorporated and realleged herein.

15. From on or before January 1, 2009 through September 15, 2010 in the District of

Kansas and elsewhere, the defendant,

**KATHLEEN STEGMAN,**

willfully attempted to evade and defeat substantial corporate income tax due and owing by her to the United States of America, for calendar year 2009, by committing the following affirmative acts of evasion, among others:

    a.    provided her return preparers with false and incomplete information;

    b.    filed false and fraudulent corporate tax returns understating income and overstating expenses;

    c.    paid personal expenses with her business accounts;

    d.    wrote checks from MMACI to Samson LLC and recorded the transfers as expenses;

    e.    falsified MMACI's check register to reflect payees that appeared to be legitimate deductible expenses; and

    f.    deposited business income into her personal account.

16. This was in violation of Title 26, United States Code, Section 7201.

### COUNT 3
26 U.S.C. § 7201 – Tax Evasion, 2010

17. Paragraphs 1 through 16 are incorporated and realleged herein.

18. From on or before January 1, 2010 through September 19, 2011 in the District of Kansas and elsewhere, the defendant,

**KATHLEEN STEGMAN,**

willfully attempted to evade and defeat substantial corporate income tax due and owing

by her to the United States of America, for calendar year 2010, by committing the following affirmative acts of evasion, among others:

    a.    provided her return preparers with false and incomplete information;

    b.    filed false and fraudulent corporate tax returns understating income and overstating expenses;

    c.    paid personal expenses with her business accounts;

    d.    wrote checks from MMACI to Samson LLC and recorded the transfers as expenses;

    e.    falsified MMACI's check register to reflect payees that appeared to be legitimate deductible expenses; and

    f.    deposited business income into her personal account.

19.    This was in violation of Title 26, United States Code, Section 7201.

## COUNT 4
26 U.S.C. § 7201 – Tax Evasion, 2007

20.    Paragraphs 1 through 19 are incorporated and realleged herein.

21.    From on or before January 1, 2007 through May 26, 2009 in the District of Kansas and elsewhere, the defendant,

**KATHLEEN STEGMAN,**

willfully attempted to evade and defeat substantial personal income tax due and owing by her to the United States of America, for calendar year 2007, by committing the following affirmative acts of evasion, among others:

    a.    provided her return preparers with false and incomplete information;

5

      b.      filed false and fraudulent personal and corporate tax returns understating income and overstating expenses;

      c.      paid personal expenses with her business accounts;

      d.      wrote checks from MMACI to Samson LLC and recorded the transfers as expenses;

      e.      falsified MMACI's check register to reflect payees that appeared to be legitimate deductible expenses; and

      f.      deposited business income into her personal account.

22.    This was in violation of Title 26, United States Code, Section 7201.

## COUNT 5
26 U.S.C. § 7201 – Tax Evasion, 2008

23.    Paragraphs 1 through 22 are incorporated and realleged herein.

24.    From on or before January 1, 2008 through October 19, 2011 in the District of Kansas and elsewhere, the defendant,

**KATHLEEN STEGMAN,**

willfully attempted to evade and defeat substantial personal income tax due and owing by her to the United States of America, for calendar year 2008, by committing the following affirmative acts of evasion, among others:

      a.      provided her return preparers with false and incomplete information;

      b.      filed false and fraudulent personal and corporate tax returns understating income and overstating expenses;

      c.      paid personal expenses with her business accounts;

  d. wrote checks from MMACI to Samson LLC and recorded the transfers as expenses;

  e. falsified MMACI's check register to reflect payees that appeared to be legitimate deductible expenses; and

  f. deposited business income into her personal account.

25. This was in violation of Title 26, United States Code, Section 7201.

## COUNT 6
18 U.S.C. § 371- Klein Conspiracy

26. Paragraphs 1 through 25 are re-alleged and incorporated herein.

27. Beginning in or about December 2010, the exact dates being unknown to the Grand Jury, in the District of Kansas and elsewhere, the defendants,

**KATHLEEN STEGMAN** and
**CHRISTOPHER SMITH,**

knowingly conspired and agreed with each other and with other persons both known and unknown to the Grand Jury, to defraud the United States by deceitful and dishonest means by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service, an agency of the United States, in the ascertainment, computation, assessment, and collection of revenue, that is federal corporate and personal taxes.

28. All in violation of Title 18, United States Code, Section 371.

## OBJECT OF THE CONSPIRACY

29. The main object of the conspiracy was to evade the payment of corporate and personal taxes, defraud the United States of money, and obstruct and impede the lawful functions of the IRS.

## MANNER AND MEANS

30.     Defendants Stegman and Smith fabricated $50,575 in deductible expenses by MMACI. In December 2010, Defendant Stegman wrote an MMACI check payable to Defendant Smith's company Encompass Construction Group, LLC (Encompass) in the amount of $50,575. On December 23, 2010, Defendant Smith paid $50,575 for gold coins in Defendant Stegman's name using these funds. Defendant Stegman caused this payment to be deducted as a repairs and maintenance expense on MMACI's 2010 corporate income tax return. This transaction facilitated Defendant Stegman's ability to claim an expense for MMACI while using corporate funds to finance a personal gold purchase.

## OVERT ACTS

31.     On or about December 16, 2010, Cloud Resources, also known as National Numismatic Associates (NNA) processed order 204633 and issued an invoice in the amount of $50,575 to Defendant Stegman for the purchase of thirty-five 1 oz. Gold Australian Kangaroo coins.

32.     On or about December 20, 2010, Defendant Stegman wrote a $50,575 check payable to Defendant Smith's company, Encompass. This check was deposited into Encompass' M&I Marshall & Ilsley bank account.

33.      On or about December 23, 2010, Defendant Smith signed Encompass' M&I Marshall & Ilsley check 1112 in the amount of $50,575 payable to NNA as payment for the thirty-five gold coins.

34. When IRS agents questioned Defendant Smith about the transaction, Defendant Smith stated that the $50,575 was for remodeling work to be provided to MMACI and a two-year service contract between MMACI and Encompass.

35. Defendant Smith never reported the alleged income from MMACI to Encompass, as required by the IRS.

36. Defendant Smith stated that all of the construction occurred at MMACI and was completed during two-and-one-half weeks in late 2010.

37. Defendant Smith claimed the gold was an Encompass investment.

38. Defendant Stegman created a false entry in her handwritten check ledger for MMACI and she provided the handwritten ledger to MMACI's prior corporate return preparer. This return preparer created a 2010 General Ledger for MMACI containing the false expense item.

39. Defendant Stegman also provided this false information to MMACI's new 2010 Form 1120 preparer.

40. When questioned about the abnormality of this expense by her return preparer, Defendant Stegman provided a copy of the check from MMACI to Encompass claiming the purpose of the check was for equipment maintenance.

Dated: <u>October 29, 2014</u>                    <u>s/Foreperson</u>
                                                             FOREPERSON OF THE GRAND JURY

**BARRY R. GRISSOM**
United States Attorney

<u>Jabari Wamble #22730</u>
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, KS  66101
(913) 551-6730
(913) 551-6541(fax)

(It is requested that the above captioned case be held in Kansas City, Kansas.)

**PENALTIES**

**Counts 1-5 – (Tax Evasion)**

NMT 5 years imprisonment, NMT $250,000/$500,000 if corporation, NMT 3 years supervised release, $100 special assessment.

**Count 6 – (Conspiracy to Defraud the United States)**

NMT 5 years imprisonment, NMT $250,000/$500,000 if corporation, NMT 3 supervised release, $100 special assessment.