IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-20109-JAR |
| ) | |
| KATHLEEN STEGMAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Defendant Kathleen Stegman filed a Motion to Dismiss Indictment Due to Duplicity and Multiplicity Or to Compel the United States to Elect Between the Multiplicitous Counts (Doc. 15), to which the Government has filed a written response. On December 8, 2014, the Court heard oral argument on this motion, and the Court now concludes that the motion should be denied.

**Summary of the Indictment**

The Indictment charges defendant Kathleen Stegman and co-defendant Christopher Smith with various tax violations.

Count 1 charges Stegman with "Tax Evasion, 2008" and alleges that from on or about January 1, 2008 through October 16, 2009, she willfully attempted to evade *corporate income tax* due and owing for calendar year *2008*, by committing affirmative acts of evasion, including six acts of evasion itemized in Count 1.

Count 2 charges Stegman with "Tax Evasion, 2009" and alleges that from on or about

1

January 1, 2009 through September 15, 2010, she willfully attempted to evade *corporate income tax* due and owing for calendar year *2009*, by committing affirmative acts of evasion, including six acts of evasion itemized in Count 2.

Count 3 charges Stegman with "Tax Evasion, 2010" and alleges that from on or about January 1, 2010 through September 19, 2011, she willfully attempted to evade *corporate income tax* due and owing for calendar year *2010*, by committing affirmative acts of evasion, including six acts of evasion itemized in Count 3.

Count 4 charges Stegman with "Tax Evasion, 2007" and alleges that from on or about January 1, 2007 through May 26, 2009, she willfully attempted to evade *personal income tax* due and owing for calendar year *2007*, by committing affirmative acts of evasion, including six acts of evasion itemized in Count 4.

Count 5 charges Stegman with "Tax Evasion, 2008" and alleges that from on or about January 1, 2008 through October 19, 2011, she willfully attempted to evade *personal income tax* due and owing for calendar year 2008, by committing affirmative acts of evasion, including six acts of evasion itemized in Count 5.

Finally, Count 6 charges Stegman and Smith with a so-called "Klein conspiracy," that is, conspiracy to defraud the United States and defeat the lawful government functions of the Internal Revenue Service, beginning in or about December 2010, with the objectives of evading the payment of both corporate and personal taxes, defrauding the United States, and obstructing and impeding the lawful functions of the I.R.S.

Numbered paragraphs 1-10 of the Indictment are prefatory, and labeled "Introduction." Each of Counts 1-6 incorporate these ten prefatory paragraphs by reference.

**Defendant's argument that the Indictment is duplicitous and multiplicitous**

Defendant's motion to dismiss the Indictment for duplicity and multiplicity is based on corollary arguments. Because Count 2 incorporates the paragraphs comprising Count 1, and because each successive count incorporates the paragraphs comprising the preceding counts, Defendant argues that the Indictment is both duplicitous and multiplicitous. She argues that it is duplicitous because in Counts 2, 3, 4, 5, and 6, she is charged with the same crime that she is charged with in Count 1, because these counts incorporate the paragraphs comprising Count 1. Similarly, Defendant argues that in Counts 3, 4, 5, and 6, she is charged with the same crime that she is charged with in Count 2, since Counts 3-6 incorporate by reference the paragraphs comprising Count 2. In the same vein, Defendant argues that Counts 4, 5, and 6 are duplicitous in charging her with crimes charged in the preceding counts. Defendant argues that the indictment is also multiplicitous, for it charges her with the conduct underlying Count 1 repeatedly, again in Count 2, and in Count 3, etc. In the same vein, Defendant argues that she is charged in multiple counts for the crime charged in Count 2, for the crime charged in Count 3, etc.

**Counts in the Indictment are not duplicitous**

An indictment is duplicitous if it charges two or more separate offenses in the same count.[1] Duplicitous indictments can prejudice the defendant in several ways. First, when there are duplicative charges in a single count, the jury's duty to seperately deliberate on each offense is compromised and it may be difficult to ascertain whether the jury reached an unanimous verdict on any one offense charged in the count. Second, duplicative charges in a single count

---

[1] *United States v. Haddock*, 956 F.2d 1534, 1546 (10th Cir.1992), *cert.* denied, 506 U.S. 828 (1992).

may deprive the defendant of clear notice of what she is charged with and hinder her ability to argue double jeopardy in a subsequent prosecution.  Duplicity can also impair appropriate evidentiary rulings and impair appropriate sentences because it is unclear which offense(s) form the basis of the jury's verdict.

The counts in this Indictment are not duplicitous, however, for it is clear that a single offense is charged in each count.  As noted with emphasis in the above section summarizing the Indictment, Counts 1-5 charge the defendant with separate and distinct tax offenses for different tax years and different taxpayers, to wit: tax evasion for 2008-2010 with respect to corporate income taxes and tax evasion for 2007-2008 with respect to personal income taxes.  And Count 6 charges conspiracy under a separate and distinct statute.  Although all counts succeeding Count 1 incorporate by reference the preceding counts, the Indictment clearly places Defendant and others on notice of the specific crime charged, through the language in each count that identifies the type of return, the calendar year the return related to, and a range of dates in which the evasive activities took place.  Moreover, each count of the Indictment bears a title clarifying, in a short-hand fashion, what the defendant is charged with in that count.  For example, Count 1 is titled "Tax Evasion, 2008" and Count 2 is titled "Tax Evasion, 2009."   Given the clarity of the language in each count of the Indictment, which is supplemented by the Indictment giving each count a title, the Court concludes that the counts in the Indictment are not duplicative and none of the concerns inherent in a duplicitous indictment are present here.

**Counts in the Indictment are not multiplicitous**

For the same reasons, given the clarity of the body of each count in the Indictment and the fact that each count bears a title, the Court concludes that this Indictment is not

multiplicitous.  An indictment is multiplicitous if it charges a single offense in more than one count.[2]  Multiplicitous indictments may prejudice the defendant by preventing her from answering separately for crimes that Congress intended to be separate and distinct crimes; and multiplicitous indictments may violate the Double Jeopardy Clause.  But an indictment is not multiplicitous if each count calls for factual proof exclusive of factual proof for other counts.  Here, each count clearly charges only one crime, which is separate and distinct from the others; and each count necessarily calls for factual proof exclusive of factual proof for other counts.  For each of Counts 1-5, there will be exclusive factual proof relating to the particular tax return, taxpayer, and tax year in that count.  And in Count 6, Defendant is charged with conspiracy, which necessarily calls for factual proof exclusive to that count, that the defendant entered into a conspiracy with another individual.   For these reasons, the Indictment is not multiplicitous.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment Due to Duplicity and Multiplicity Or to Compel the United States to Elect Between the Multiplicitous Counts (Doc. 15), is DENIED.

Dated: December 18, 2014

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[2] *Id.*