IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:14-20109-JAR |
| KATHLEEN STEGMAN and ) CHRISTOPHER SMITH, ) ) ) | |
| Defendants. ) ) ) | |

## MEMORANDUM AND ORDER

On March 2, 2015, the Court held a hearing on the following eleven pretrial motions:

(1) Defendants' Joint Motion to Exclude the Government's Proposed Expert Witness (Doc. 53),

(2) Defendant Stegman's Second Motion to Compel Discovery (Doc. 54),

(3) Defendant Stegman's Motion to Strike Surplusage (Doc. 55),

(4) Defendant Stegman's Motion for Leave to File Additional Pre-Trial Motions (Doc. 56),

(5) Defendant Stegman's Motion in Limine to Exclude Evidence Related to Money Orders (Doc. 61),

(6) Defendant Stegman's Conditional Motion in Limine to Exclude *Bruton* Evidence (Doc. 62),

(7) Defendant Stegman's Motion in Limine to Exclude Evidence Relating to the Cleanliness of Midwest Medical Aesthetics Center (Doc. 63),

(8) Defendant Stegman's Motion in Limine to Permit the Defense's Investigator in the Courtroom During Trial (Doc. 64),

(9) Defendant Stegman's Motion for Release of *Brady* Materials and Motion to Compel the Government to Disclose Renaissance Tax Returns Prepared by Alan Jones (Doc. 65),

> (10) Defendant Stegman's Motion for a *James* Hearing to Determine the Admissibility of Extra Judicial Statements of Alleged Co-Conspirator (Doc. 66), and
>
> (11) Defendant Smith's Motion in Limine to Exclude Evidence of His and His Companies' Supposed Business Practices and Payroll History (Doc. 68).

With regard to those motions, the Court finds as follows.

## I. Defendants' Joint Motion to Exclude the Government's Proposed Expert Witness (Doc. 53)

Defendants' motion to exclude the Government's expert witness is denied. The Court finds that the Government complied with the requirements of Fed. R. Crim. P. 16(a)(1)(G) in providing to Defendants the calculations underlying the opinions expressed in the draft revenue agent reports and, in addition, providing through memoranda of interview evidence of the specific transactions the Government will rely on to prove understated income and overstated expenses. The Court, therefore, will not exclude the Government's proposed expert witness.

## II. Defendant Stegman's Second Motion to Compel Discovery (Doc. 54)

### A. *Basis for the adjustments set forth in the draft revenue agent reports*

Notwithstanding the Court's finding in Section I, the Court grants in part Defendant Stegman's motion to compel discovery relating to the draft revenue agent reports. The Court finds, in light of the substantial number of documents that have been exchanged in this case, that it is appropriate for the Government to provide information beyond that which Rule 16(a)(1)(G) requires. Therefore, by 6:00 p.m. central time on March 3, 2015, the Government shall provide to Defendant Stegman spreadsheets and/or schedules itemizing the transactions that comprise the aggregate totals listed in the draft revenue agent reports. In addition, the Government shall provide the earnings and profits analysis that its expert intends to rely on during trial. In the

event the transactions included in the draft revenue agent reports or the Government's earnings and profits analysis change, the Government shall revise the corresponding spreadsheets and/or schedules and shall furnish them to Defendant Stegman within twenty-four hours of their completion. All revisions stemming from pretrial developments in the Government's case—including changes that result from the Government's decisions about which witnesses to call during its case-in-chief—are to be finalized and disclosed to Defendant Stegman by 6:00 p.m. central time on March 20, 2015.

Defendant Stegman's motion to compel discovery of expert materials beyond those just described is denied without prejudice. However, if, after the discovery that takes place on March 3, 2015, Defendant Stegman believes she is entitled to further discovery on the calculations in the draft revenue agent reports, Defendant Stegman may file a pretrial motion to compel additional discovery by March 13, 2015.[1]

### B. *Criminal histories of Defendant Stegman's alleged tax preparers*

The Court denies as moot Defendant Stegman's motion to compel discovery of the criminal histories of Don Lake, Ray Mendoza, and Alan Jones. The Government states that it is running National Crime Information Center checks on the witnesses it plans to call during its case-in-chief and will comply with its constitutional obligations should it find any *Brady* or *Giglio* evidence.

### C. *Complete copies of the IRS examination files relating to each tax preparer penalty investigation/assessment against Alan Jones*

The Court denies Defendant Stegman's motion to compel discovery of the complete

---

[1] *See* Section IV, *infra*.

examination file relating to the IRS penalty investigation and assessment against Alan Jones. The Government has provided Defendant Stegman with the facts underlying the IRS investigation of Jones, including (1) that Jones had double-listed a business expense for a business owner's purchase of windows, subjecting Jones to a $1000 IRS penalty for taking an unreasonable position, and (2) that Jones claimed the first-time homebuyer deduction for a person who had previously owned a home in a different state, subjecting him to another $1000 penalty for taking an unreasonable position.  Defendant Stegman may properly impeach Alan Jones with this information, and the Court finds that discovery of the entire examination file is unwarranted.

### D.     *The entire email account of Jennifer Bustamante*

The Court denies Defendant Stegman's motion to compel discovery of the entire email account of Jennifer Bustamante.  The Government has provided Defendant Stegman with a memorandum of interview for Ms. Bustamante, who apparently invited an investigating agent to search her email account; Ms. Bustamante suggested the agent would find emails from Defendant Stegman discussing receipt of cash payments from clients.  The Government has stated that the agent searched Ms. Bustamante's email account for less than an hour but did not find any emails of the sort Ms. Bustamante described.

The Court finds that Defendant Stegman may properly impeach Ms. Bustamante with evidence that the search of her email account was inconsistent with a statement she made to the investigating agent.  The email account of Ms. Bustamante, however, is no longer in the

Government's possession, custody, or control,[2] and is therefore outside the scope of discovery under Rule 16(a). The Government, however, shall issue a letter to Defendant Stegman disclosing, as specifically as possible, the agent's recollection about how he or she searched the email account, the length of the search, the number of emails viewed, and the date range of the emails viewed.

### E.   *IRS wage and income information for Jennifer Bustamante for tax years 2009–2013*

The Court denies without prejudice Defendant Stegman's motion to compel discovery of IRS wage and income information for Jennifer Bustamante. The Government has disclosed that Ms. Bustamante did not file tax returns for tax years 2009 through 2013. If, during trial, Defendant Stegman cross-examines Ms. Bustamante concerning her income for those years and believes she has testified falsely, Defendant Stegman may move the Court to re-visit the issue whether the Government must produce her wage and income information for tax years 2009 through 2013.

### F.   *Individual income tax returns for Allison Wells for 2005–2007*

In light of "congressional policy favoring the confidentiality of returns and return information,"[3] and because the Government disclosed to Defendant Stegman Allison Wells' statement that she "probably should have" reported a hiring bonus on her 2005 tax return, the Court denies without prejudice Defendant Stegman's motion to compel discovery of Allison

---

[2]Ms. Bustamante's consent to search her email account in June 2011cannot reasonably be thought to constitute consent to the Government's continued possession, custody, or control of the entire email account nearly four years later.

[3]26 U.S.C. § 6103(h)(4)(D). The Government has stated that it does not have tax returns for Allison Wells for tax years 2005 and 2006, and that it is reviewing the 2007 return for *Brady* and *Giglio* information.

Wells' tax returns. The Court reminds the Government, however, of its obligation to disclose any *Brady* and *Giglio* information it finds during its review of Ms. Wells' 2007 return. If the Government finds *Brady* or *Giglio* evidence, the Government shall provide the content of that evidence in narrative form to Defendant Stegman. If, at that point, Defendant Stegman feels she is entitled to the entire tax return, she may move the Court for an order to disclose the return.

**III.    Defendant Stegman's Motion to Strike Surplusage (Doc. 55)**

The Court denies Defendant Stegman's motion to strike as surplusage the Indictment's charges that she "converted cash to money orders to pay personal expenses or purchase personal items." The Government may properly prove at least one of the elements of tax evasion—an affirmative act constituting an evasion or attempted evasion of a tax due and owing—by offering evidence that Defendant Stegman converted cash to money orders in order to pay personal expenses. "[I]f the government intends to properly prove a matter at trial, then it is proper for the indictment to include those matters, even if they are not essential elements of the crime charged."[4]

**IV.    Defendant Stegman's Motion for Leave to File Additional Pre-trial Motions (Doc. 56)**

The Court grants in part and denies in part Defendant Stegman's motion to file additional pre-trial motions. As noted in Section II, *supra*, if, after the discovery that takes place on March 3, 2015, Defendant Stegman believes she is entitled to more discovery on the calculations in the Government expert's draft reports, Defendant Stegman may file a pretrial motion to compel additional discovery by March 13, 2015. The Government shall then have until March 17, 2015

---

[4] *United States v. Hill*, 799 F. Supp. 86, 89 (D. Kan. 1992).

to respond, and the Court will consider the motion at a hearing on March 19, 2015.

The Court denies Defendant Stegman's motion for leave to file further pre-trial motions unrelated to discovery on the calculations in the draft revenue agent reports.

## V. Defendant Stegman's Motion in Limine to Exclude Evidence Related to Money Orders (Doc. 61)

The Court denies Defendant Stegman's limine motion to exclude evidence relating to her alleged conversion of cash into money orders. Though such evidence may not be admissible to prove a tax deficiency under the "specific items" method of proof, the Government may properly prove another element of the crime—an affirmative act constituting an evasion or attempted evasion of a tax due and owing—by showing that Defendant Stegman converted cash into money orders in order to pay personal expenses. The probative value of such evidence outweighs any prejudice the evidence will cause Defendant Stegman.

## VI. Defendant Stegman's Conditional Motion in Limine to Exclude *Bruton* Evidence (Doc. 62)

The Court denies Defendant Stegman's limine motion to exclude *Bruton* evidence. The Court notes, first, that it is unclear whether a *Bruton* issue exists in this case at all, as the Government intends to show that any co-conspirator statements made by Defendant Smith were in furtherance of the conspiracy.[5] Defendant Stegman does not identify any specific statements she thinks should be excluded under *Bruton*. Further, to the extent a *Bruton* issue does exist in this case, the proper remedy, in the Court's view, is severance rather than exclusion of evidence.

## VII. Defendant Stegman's Motion in Limine to Exclude Evidence Relating to the

---

[5] *See* Fed. R. Evid. 801(d)(2)(E) (categorizing as non-hearsay statements made by a party's co-conspirator during and in furtherance of the conspiracy); *United States v. Avila Vargas*, 570 F.3d 1004, 1008–09 (8th Cir. 2009) ("Bruton, however, does not preclude the admission of statements by a coconspirator in furtherance of the conspiracy.").

**Cleanliness of Midwest Medical Aesthetics Center (Doc. 63)**

The Court denies without prejudice Defendant Stegman's limine motion to exclude evidence relating to the cleanliness of her business. The Government states it intends to prove that Defendant Stegman claimed business-expense deductions for cleaning and janitorial services, and the Court considers evidence on the cleanliness of the business relevant if it sheds light on whether, and the extent to which, cleaning services were performed. Depending on the specific content of the evidence and the manner in which the Government intends to offer it, however, the Court may find the evidence more prejudicial than probative under Fed. R. Evid. 403. The introduction of this evidence, therefore, will be subject to the Court's contemporaneous ruling on its admissibility. Before the Government offers this evidence, it shall approach the bench or raise the issue with the Court outside the presence of the jury; Defendant Stegman may, at that point, raise a Rule 403 objection, and the Court will then rule on the admissibility of the evidence.

**VIII. Defendant Stegman's Motion in Limine to Permit the Defense's Investigator in the Courtroom During Trial (Doc. 64)**

The Court grants Defendant Stegman's limine motion to permit her investigator in the courtroom during trial. Defendant Stegman states that her investigator has and will continue to play a key role in her defense and that, if the investigator testifies during trial, it will likely be in the role of a rebuttal witness. The Court therefore finds it appropriate for the investigator to be present in the courtroom during trial.[6]

**IX. Defendant Stegman's Motion for Release of *Brady* Materials and Motion to Compel the Government to Disclose Renaissance Tax Returns Prepared by Alan Jones (Doc.**

---

[6]*See* Fed. R. Evid. 615(c) ("[T]his rule does not authorize excluding . . . (c) a person whose presence a party shows to be essential to presenting the party's claim or defense.").

65)

In light of "congressional policy favoring the confidentiality of returns and return information,"[7] and to prevent a mini-trial on the details of Alan Jones' involvement with the so-called Renaissance tax fraud scheme, the Court denies Defendant Stegman's motion to disclose so-called Renaissance tax returns that Alan Jones prepared for third parties. The Government has disclosed evidence suggesting that Alan Jones promoted Renaissance and made inconsistent statements on the extent of his involvement with Renaissance. Further, after an exhaustive search, the Government has disclosed to Defendant Stegman the names of all third parties for whom, to the Government's knowledge, Alan Jones claimed Renaissance expense deductions. Defendant Stegman may properly impeach Alan Jones with that information; the tax returns themselves, however, need not be disclosed.

## X. Defendant Stegman's Motion for a *James* Hearing to Determine the Admissibility of Extra Judicial Statements of Alleged Co-Conspirator (Doc. 66)

The Court denies without prejudice Defendant Stegman's motion for a *James* hearing. It appears, from the parties' briefing, that the Government will be able to prove a conspiracy largely through documentary evidence. On or immediately preceding the trial date, the Court will hold a brief hearing and will ask the Government to proffer its order of proof regarding the alleged conspiracy; Defendant Stegman may, at that time, submit a renewed motion for a *James* hearing.

## XI. Defendant Smith's Motion in Limine to Exclude Evidence of His and His Companies' Supposed Business Practices and Payroll History (Doc. 68)

Finally, the Court denies without prejudice Defendant Smith's motion to exclude

---

[7] 26 U.S.C. § 6103(h)(4)(D).

evidence of his and his companies' business practices.  The Court considers the evidence relevant insofar as it tends to show whether Defendant Smith's businesses actually engaged in the types of activities he claimed they engaged in.  Depending on the specific content of the evidence and the manner in which the Government intends to offer it, however, the Court may find the evidence more prejudicial than probative under Fed. R. Evid. 403.  The introduction of this evidence, therefore, will be subject to the Court's contemporaneous ruling on its admissibility.  Before the Government offers this evidence, it shall approach the bench or raise the issue with the Court outside the presence of the jury; Defendant Smith may, at that point, raise a Rule 403 objection, and the Court will then rule on the admissibility of the evidence.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Exclude the Government's Proposed Expert Witness (Doc. 53) is denied.

**IT IS FURTHER ORDERED** that Defendant Stegman's Second Motion to Compel Discovery (Doc. 54) is granted in part and denied in part.  By 6:00 p.m. central time on March 3, 2015, the Government shall provide to Defendant Stegman spreadsheets and/or schedules itemizing the transactions that comprise the aggregate totals listed in the draft revenue agent reports; in addition, the Government shall provide the earnings and profits analysis its expert intends to rely on during trial.  The Government shall also issue a letter to Defendant Stegman disclosing, as specifically as possible, the investigating agent's recollection about how he or she searched Jennifer Bustamante's email account, the length of the search, the number of emails viewed, and the date range of the emails viewed.  The Court denies without prejudice Defendant Stegman's requests for expert materials beyond those discussed in the Court's order, the criminal histories of Defendant Stegman's alleged tax preparers, Jennifer Bustamante's IRS wage and

income information for tax years 2009 through 2013, and Allison Wells' tax returns for tax years 2005 through 2007.  Defendant Stegman's other discovery requests are denied.

**IT IS FURTHER ORDERED** that Defendant Stegman's Motion to Strike Surplusage (Doc. 55) is denied.

**IT IS FURTHER ORDERED** that Defendant Stegman's Motion for Leave to File Additional Pre-trial Motions (Doc. 56) is granted in part and denied in part.  If, after the discovery that takes place on March 3, 2015, Defendant Stegman believes she is entitled to further discovery on the calculations in the Government's draft reports, she may file a pre-trial motion to compel additional discovery by March 13, 2015.  The Government shall then have until March 17, 2015 to respond, and the Court will consider the motion at a hearing on March 19, 2015.

**IT IS FURTHER ORDERED** that Defendant Stegman's Motion in Limine to Exclude Evidence Related to Money Orders (Doc. 61) is denied.

**IT IS FURTHER ORDERED** that Defendant Stegman's Conditional Motion in Limine to Exclude *Bruton* Evidence (Doc. 62) is denied.

**IT IS FURTHER ORDERED** that Defendant Stegman's Motion in Limine to Exclude Evidence Relating to the Cleanliness of Midwest Aesthetics Center (Doc. 63) is denied without prejudice.  Before the Government offers such evidence at trial, it shall approach the bench or raise the issue with the Court outside the presence of the jury; Defendant Stegman may, at that point, raise a Rule 403 objection, and the Court will then rule on the admissibility of the evidence.

**IT IS FURTHER ORDERED** that Defendant Stegman's Motion in Limine to Permit

the Defense's Investigator in the Courtroom During Trial (Doc. 64) is granted.

**IT IS FURTHER ORDERED** that Defendant Stegman's Motion for Release of *Brady* Materials and Motion to Compel the Government to Disclose Renaissance Tax Returns Prepared by Alan Jones (Doc. 65) is denied.

**IT IS FURTHER ORDERED** that Defendant Stegman's Motion for a *James* Hearing to Determine the Admissibility of Extra Judicial Statements of Alleged Co-Conspirator (Doc. 66) is denied without prejudice.

**IT IS FURTHER ORDERED** that Defendant Smith's Motion in Limine to Exclude Evidence of His and His Companies' Supposed Business Practices and Payroll History (Doc. 68) is denied without prejudice.  Before the Government offers such evidence at trial, it shall approach the bench or raise the issue with the Court outside the presence of the jury; Defendant Stegman may, at that point, raise a Rule 403 objection, and the Court will then rule on the admissibility of the evidence.

**IT IS SO ORDERED.**

Dated: March 4, 2015

                                            S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE