# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN STEGMAN,<br><br>  Defendant. | Case No. 14-CR-20109-01-JAR |

## MEMORANDUM AND ORDER

This matter comes before the Court on *pro se* Defendant Kathleen Stegman's objection to the writ of continuing garnishment filed October 15, 2018 (Doc. 272). Defendant objects to the garnishment of a Variable Annuity account on the grounds that it is inconsistent with the Judgment entered at sentencing setting forth a schedule of payments and because the account is exempt from garnishment. Defendant also requests a hearing on the matter. The Government has responded (Docs. 276, 277). The motion is fully briefed and the Court is prepared to rule. For the reasons stated in detail below, the Court **overrules and denies** Defendant's objections and **denies** her request for hearing.

## I. Background

Defendant Stegman was charged in a Superseding Indictment with three counts of corporate income tax evasion in violation of 26 U.S.C. § 7201, related to her business, Midwest Medical Aesthetics Center ("MMAC").[1] Counts 4 and 5 of the Superseding Indictment charged her with individual tax evasion in violation of 26 U.S.C. § 7201. She and co-Defendant

---
[1]Doc. 41.

1

Christopher Smith were charged in Count 6 with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371.

At the completion of a six-week jury trial, the jury returned guilty verdicts on Counts 1, 2, 4, and 5. The jury acquitted Defendant of Count 3, the corporate tax evasion charge for tax year 2010. Both defendants were acquitted of Count 6, the conspiracy charge. Following the trial, Defendant filed Motions for Acquittal or, in the Alternative, for New Trial.[2] On September 19, 2016, the Court granted Defendant's motion for acquittal as to Counts 1 and 2, denied her motion for acquittal as to Counts 4 and 5, and denied her motion for new trial.[3]

On October 18, 2016, the Court sentenced Defendant to a term of fifty-one months' imprisonment and three years' supervised release on Counts 4 and 5, to be served concurrently.[4] The Court also ordered Defendant to pay a $100,000 fine, plus restitution payable to the Internal Revenue Service ("IRS") in the amount of $68,733, and $30,173.00 for costs of prosecution.[5] The Court ordered all monetary penalties due immediately and set a schedule of payments of not less than ten percent of the funds deposited each month into Defendant's inmate trust fund account while in the custody of the Bureau of Prisons and monthly installments of not less than five percent of her monthly gross income over the three-year term of supervised release.[6] The Tenth Circuit Court of Appeals affirmed Defendant's convictions and sentence.[7]

---

[2] Docs. 191 & 205.
[3] Doc. 238.
[4] Doc. 249.
[5] *Id.*
[6] *Id.*
[7] *United States v. Stegman*, 873 F.3d 1215 (10th Cir. 2017).

According to the Government, payments totaling $1,514.00 have been received, which has paid the $200.00 assessment and $1,161.00 towards restitution.[8] The IRS applied an additional $2,813.93 refund captured from tax year 2012 to the outstanding restitution debt, leaving a balance of $64,758.07 as of November 20, 2018.[9] The fine and costs of prosecution remain unpaid.[10]

The Government filed an Application for Writ of Continuing Garnishment against the property of Defendant being held by New York Life Insurance Company ("New York Life") on September 24, 2018.[11] Garnishee New York Life filed its Answer October 18, 2018, stating that Defendant is the owner and annuitant of a Variable Annuity account worth approximately $18,826.91 as of October 16, 2018.[12] The existence of this account was unknown to the Court at the time of sentencing and was not considered in setting the payment schedule.[13] Defendant filed an objection to the writ of continuing garnishment, request for exemptions, and request for hearing.[14]

## II. Discussion

Defendant makes two objections to the garnishment: (1) her Variable Annuity account is exempt from execution; and (2) that garnishment against her Variable Annuity account is inconsistent with the Judgment because she has complied with the payment schedule. Defendant

---

[8]Doc. 276.

[9]Doc. 277.

[10]Doc. 276.

[11]Doc. 269.

[12]Doc. 273.

[13]The Revised Presentence Investigation Report indicates that Defendant did not submit any financial documents for the presentence report. Doc. 239 at 29, ¶ 110.

[14]Doc. 272.

also argues she is entitled to a hearing on the garnishment. Defendant's objections are without merit.

Under the Mandatory Victims Restitution Act ("MVRA"), a defendant convicted of a crime in federal court may be ordered to make restitution to any victims.[15] Enforcement remedies are found under the Federal Debt Collection Procedure Act ("FDCPA").[16] Where a criminal judgment imposes a fine, the United States may enforce the judgment in the same manner as enforcing a civil judgment.[17] All provisions available to the United States for the enforcement of a judgment are also available for the enforcement of an order of restitution,[18] including seeking a writ of garnishment.[19]

Exemptions from execution against assets of a defendant for payment of a criminal judgment are set forth in 18 U.S.C. § 3613(a), which provides that the only property exempt from garnishment is property the government cannot seize to satisfy the payment of federal income taxes, as enumerated in 26 U.S.C. § 6334(a)(1)–(8), (10), and (12).[20] This list of exemptions is exhaustive, and is to be strictly construed.[21] Because the exemptions belong to the criminal defendant, as they apply to the defendant's property, a defendant objecting to the

---

[15]*See* 18 U.S.C. § 3663(a)(1)(A).

[16]28 U.S.C. § 3001, *et seq.*

[17]18 U.S.C. § 3613(a).

[18]*See* 18 U.S.C. § 3613(f).

[19]28 U.S.C. § 3205(a) ("A court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor.").

[20]*United States v. Holcomb*, No. 08-20003-JWL, 2012 WL 5306257, at *2 (D. Kan. Oct. 26, 2012) (citations omitted).

[21]26 U.S.C. § 6334(c).

garnishment bears the burden of showing they are entitled to relief.[22]  In this case, Defendant contends that the New York Life Variable Annuity account is exempt from garnishment under § 6334(a)(1)–(3), which state:

> There shall be exempt from levy—
>
> (1) Wearing apparel and school books.  Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.
>
> (2) Fuel, provision, furniture, and personal effects.  So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed $9,380.00 in value.
>
> (3) Books and tools of a trade, business, or profession.  So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed the aggregate $4,690.00 in value.

Defendant also claims the minimum exemptions for wages, salary, and other income under § 6334(a)(9).

Clearly, none of these exemptions are applicable to the Variable Annuity account, which is a financial account.[23]  As the Government notes, the exemptions for wearing apparel, school books, fuel, provisions, furniture, personal effects, and books and tools of a trade, business, or items are for hard assets of a defendant, not for money that may be used to purchase those tangible items.[24]  Because the United States has garnished or levied upon an investment account that contains money belonging to the Defendant, it is not exempt from garnishment under

---

[22] 28 U.S.C. § 3205(c)(5).

[23] *Cf.* 26 U.S.C. § 6334(a)(6) (exemption for certain annuity or pension payments under the Railroad Retirement Act, and annuities based on retired or retainer military pay under the Survivor Benefit Plan).

[24] *See Holcomb*, 2012 WL 5306257, at *3 (finding a debtor's inheritance is not exempt from garnishment under § 6334(a)(1)–(3)); *United States v. Bank of Am.*, No. 10cr57-21, 2011 WL 1483716, at *4–5 (E.D. Tex. Mar. 28, 2011) (finding money in bank account is not exempt from garnishment under § 6334(a)(1)–(3) and (5)); *United States v. Daniel*, No. 07-50082-DT, 2007 WL 2178324, at *2 (E.D. Mich. July 27, 2008) (finding money is not exempt from garnishment under § 6334(a)(2)).

§ 6334(a)(1)–(3). Further, the minimum exemptions for wages, salary, and other income, which is found at § 6334(9), is not applicable in criminal cases, as clearly stated on the exemption form.[25]

Likewise, Defendant's argument that garnishment of the Annuity account is inconsistent with the Judgment is without merit. "[A] court-ordered payment plan does not preclude the government from pursuing other avenues to collect the restitution."[26] With regard to collection efforts by the United States, the Judgment provides as follows:

> Criminal monetary penalties are due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties [is] due as follows, but this schedule in no way abrogates or modifies the government's ability to use any lawful means at any time to satisfy any remaining criminal monetary penalty balance, even if defendant is in full compliance with the payment schedule.[27]

Thus, plain reading of the Judgment authorizes the United States to garnish Defendant's Annuity account to apply to the unpaid monetary penalties authorized, even though Defendant has made payments and is in compliance with the payment schedule.[28] Defendant's objections to the garnishment are overruled.

Finally, the right to a hearing as set forth in the Instructions to Debtor,[29] is found at 28 U.S.C. § 3202(d), which imposes significant limitations on the issues a court will consider at such a hearing, specifically: (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the post-

---

[25]Doc. 272 at 6; *see* 18 U.S.C. § 3613(a) (excluding 26 U.S.C. § 6334(a)(9) from list of property exempt from levy in criminal cases).

[26]*Holcomb*, 2012 WL 5306257, at *3 (quoting *United States v. Cooper*, No. 02-40069-SAC, 2006 WL 3512936, at *3 (D. Kan. Nov. 1, 2006)).

[27]Doc. 249 at 6.

[28]*See Holcomb*, 2012 WL 5306257, at *3 n.16 (collecting cases).

[29]Doc. 270.

judgment remedy granted; and (3) to certain situations where the judgment was entered by default.[30] "Courts routinely deny a request for a 'hearing where the debtor did not object based on one of the issues specified in [section 3202], where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation.'"[31]

The Court finds that none of these circumstances exist in this case. Defendant is not entitled to a hearing on the garnishment proceeding because her exemption claims are not valid and must be denied; she has not raised any issue regarding statutory requirements for issuance of the garnishment; and judgment was not entered against her by default. Any objection that falls outside of these issues does not require a hearing, and thus Defendant's request is denied.[32]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kathleen Stegman's objection to the writ of continuing garnishment filed October 15, 2018 (Doc. 272) is **overruled and denied**; Defendant's request for hearing is also **denied**;

**IT IS FURTHER ORDERED** that the United States shall submit a Garnishee Order directing New York Life to liquidate the Variable Annuity account and pay the value over to the Clerk, United States District Court, to be applied to the restitution balance pursuant to 18 U.S.C. § 3612(c).

**IT IS SO ORDERED.**

Dated: <u>December 19, 2018</u>

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[30] 28 U.S.C. § 3202(d).

[31] *United States v. Greene*, No. 1:15CR133-1, 2016 WL 3526054, at *4 (M.D. N.C. June 3, 2016) (alteration in original) (quoting *United States v. Page*, 1:13CV119, No. 1:2013 WL 2945070, at *4 (N.D. W. Va. June 14, 2013) (collecting cases)).

[32] *See Greene*, 2016 WL 3526054, at *5 (citing cases).